IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-440-SMD |
| ) | |
| LELAND DUDEK,[1] ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Plaintiff Robert S. ("Plaintiff") applied for Supplemental Security Income (SSI) alleging he became disabled on August 1, 2018. Tr. 774. Plaintiff's application was denied at the initial administrative level and on reconsideration. Tr. 579-596. He then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on May 31, 2023, that Plaintiff was not disabled. Tr. 532-541. Plaintiff appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff appeals under 42 U.S.C. § 405(g). For the following reasons, the Court AFFIRMS the Commissioner's decision.[2]

---

[1] Leland Dudek, the Acting Commissioner of the Social Security Administration, is substituted for Martin J. O'Malley as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 8); Def.'s Consent (Doc. 7).

**I.     STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

>   (1) Is the person presently unemployed?
>   (2) Is the person's impairment severe?
>   (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
>   (4) Is the person unable to perform her or her former occupation?
>   (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite his impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ

---

[3] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

2

determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on her or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was 49 years old on his alleged disability onset date. Tr. 540. He has a limited ninth grade education and no past relevant work experience. *Id.* Plaintiff alleged disability due to hernia surgery, prediabetes, high blood pressure, seizures, and headaches. Tr. 802.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Plaintiff's disability determination. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since his alleged onset date. Tr. 534. At step two, the ALJ found Plaintiff suffers from the following severe impairments: intellectual disorder, mood disorder, schizophrenia, and polysubstance abuse disorder. Tr. 535. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 535-538.

The ALJ proceeded to determine Plaintiff's RFC, finding he has the capacity to perform a full range of work at all exertional levels with additional nonexertional limitations. Tr. 538-540. At step four, the ALJ found that Plaintiff had no past work

experience. Tr. 540. At step 5, the ALJ found that jobs exist in significant numbers in the national economy that the claimant can perform, such as laundry laborer, kitchen helper, and housekeeper/cleaner. Tr. 540-541. Accordingly, the ALJ found Plaintiff was not disabled from his alleged onset date through the decision date. Tr. 541.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents one issue for the Court's review:

(1) Whether the ALJ erred by failing to order a medical consultative exam.

Pl.'s Br. (Doc. 6) at 2. As explained below, the Court finds that the ALJ did not commit reversible legal error.

## V. ANALYSIS

### 1. The ALJ was not required to order a medical consultative exam

An ALJ may order a consultative examination or recontact a medical source when evidence in the record is insufficient, meaning that it does not contain the information needed to make a decision. 20 C.F.R. § 416.920b(b)(2). "The [ALJ] has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Hamby v. Soc. Sec. Admin., Comm'r*, 480 F. App'x 548, 550 (11th Cir. 2012) (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007)) (internal quotations omitted). An ALJ "is not required to order a consultative examination unless the record, *medical* and *non-medical*, establishes that such an examination is necessary to enable the ALJ to render a decision." *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002). If the medical evidence is sufficient for the ALJ to determine the RFC,

then there is no need to order a consultative examination. *Stinson v. Kijakazi*, 565 F. Supp. 3d 1219, 1228-29 (M.D. Ala. 2021).

If an ALJ erroneously fails to order a consultive examination, remand for further development of the record is appropriate only when "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice'" to the claimant. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)). A claimant bears the burden to prove prejudice. *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 154–55 (11th Cir. 2021) (per curiam). *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam). A claimant is prejudiced when he does not receive a full and fair hearing as reflected in the record. At a minimum, prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record" or "did not consider all of the evidence in the record in reaching his decision." *Id.*

Here, the evidence in the record was sufficient for the ALJ to reach a decision as to Plaintiff's RFC. Plaintiff argues that, because he was homeless, he could not seek evaluation of and treatment for his alleged seizure condition, diabetes, hypertension, and blood pressure, and that the record lacks any evaluation of Plaintiff's alleged impairments. Pl.'s Br. (Doc. 6) p. 7. However, the record contains evidence that several physicians examined Plaintiff and found no evidence of the alleged impairments. For example, as for Plaintiff's seizure condition, the record indicates that Dr. Glen King examined Plaintiff and found no evidence of seizures both during his physical examination and when reviewing preexisting medical records. Tr. 1020. When Dr. Alan Babb examined Plaintiff, he "could not identify any disabling conditions" even with foreknowledge of Plaintiff's past diabetes,

6

high blood pressure, hernia surgery, and mood disorder. Tr. 1139-1142. As Plaintiff points to no medical source that suggested the ALJ order a consultative medical examination, the ALJ's duty to order such an exam was not triggered. *See Bailey v. Astrue*, 739 F. Supp. 2d 1365, 1377-78 (N.D. Ga. 2010) (holding that there was no need to order a consultative medical exam when the examining doctors did not request further evaluation before offering their opinions).

Alternatively, Plaintiff argues, in conclusory fashion, that unspecified evidentiary gaps required the ALJ to order a consultative medical examination. Pl.'s Br. (Doc. 6) p. 7. However, Plaintiff does not articulate any prejudice that resulted from these unspecified evidentiary gaps, foreclosing the possibility of remand. *See Graham*, 129 F.3d at 1423 (requiring a claimant to identify specific areas of the record where prejudice resulted from a lack of medical evidence to warrant remand). Accordingly, the Court finds that the ALJ did not err in failing to order a consultative medical exam.

## VI. CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error and that substantial evidence supports the Commissioner's decision. Accordingly, it is ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 24th day of March, 2025.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE